IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STOKLEY PAUL AUSTIN | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-95 |
| UNITED STATES OF AMERICA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Stokley Paul Austin, a federal prisoner confined in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA)[1] against the United States of America, Sasskayo Palmer, Christopher Wray, the Federal Bureau of Investigation, and William Barr.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Standard of Review

Federal Rule of Civil Procedure 12(h)(3) requires the district court to dismiss an action at any time after determining that the court lacks subject-matter jurisdiction. The district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004). However, in the context of an FTCA action, the court should not resolve disputed facts that are dispositive of both subject matter jurisdiction and the merits of the FTCA claim. *Id.* at 151.

---

[1] Although Plaintiff references the Constitution, it is clear from the "Claim for Damage, Injury, or Death" attached to his Complaint that Plaintiff is seeking relief under the FTCA. As a result, the magistrate judge interprets Plaintiff's claims as arising only under the FTCA and not the Constitution.

Analysis

The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). Federal employees themselves cannot be held personally liable for common law torts committed within the scope of their employment. 28 U.S.C. § 2679(b). The United States is the only proper defendant in an FTCA action. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). An FTCA claim against a government agency or employee must be dismissed for want of jurisdiction. *Id.*

Plaintiff properly identified the United States as a defendant in this FTCA action, but he also identified several individuals and the Federal Bureau of Investigation as defendants. Because the court lacks subject-matter jurisdiction to adjudicate FTCA claims against those defendants, the claims against the defendants other than the United States must be dismissed.

Recommendation

Defendants Sasskayo Palmer, Christopher Wray, the Federal Bureau of Investigation, and William Barr are dismissed from this action for lack of subject-matter jurisdiction.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 19th day of November, 2021.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE