IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STOKLEY PAUL AUSTIN | § | |
| VS. | § | CIVIL ACTION NO.  1:21-CV-95 |
| UNITED STATES OF AMERICA, ET AL. | § | |

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Stokley Paul Austin, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA) against the United States of America, Sasskayo Palmer, Christopher Wray, the Federal Bureau of Investigation, and William Barr.

The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge.  The magistrate judge recommends dismissing the claims against Defendants Sasskayo Palmer, Christopher Wray, the Federal Bureau of Investigation, and William Barr for lack of subject-matter jurisdiction.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence.  Plaintiff filed a Motion to Propound True Due Process and Claim Constitutional Deprivation, which the Court liberally construes as objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.  The United States of America is the only proper defendant in an FTCA action. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).  An FTCA claim against a government agency or employee must be dismissed for want of jurisdiction. *Id.*

Plaintiff states that, in addition to the FTCA claim, he wants to pursue a constitutional claim that the reference to him as a "black male" in an affidavit violated his right to Equal Protection guaranteed by the Fourteenth Amendment.  An individual's right to recover damages from federal officials for violations of constitutional rights was first recognized by the United States Supreme Court in *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971).  In *Bivens*, the plaintiff alleged that federal agents entered and searched his apartment without a warrant and arrested him on a narcotics charge, and that these actions were taken without probable cause.  *Bivens*, 403 U.S. at 389.  The Supreme Court held that there was an implied cause of action for damages under the Fourth Amendment for alleged violations of the plaintiff's right to be free from unreasonable searches and seizures by federal officials.  *Id.* at 397.  The Supreme Court subsequently extended *Bivens* to create implied causes of action for gender discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 422 U.S. 228 (1979), and for failing to provide adequate medical treatment as required by the Cruel and Unusual Punishment Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).

More recently, the Supreme Court has disapproved of the expansion of *Bivens* beyond the three implied causes of action previously recognized by the Supreme Court.  *See Ziglar v. Abbasi*, _ U.S. _ , 137 S. Ct. 1843, 1854-57 (2017) (disapproving of the expansion of *Bivens* by the lower courts).  When determining whether to extend *Bivens*, federal courts must now determine whether the case would present a new context, and whether there are special factors that counsel hesitation about extending *Bivens* to that new context.  *Hernandez v. Mesa*, _ U.S. _ , 140 S. Ct. 735, 743 (2020).

Plaintiff's Fourteenth Amendment claim presents a new context because the Supreme Court has not previously recognized an implied cause of action for Plaintiff's novel claim.  There are special factors counseling hesitation in extending *Bivens* to create new causes of action for the Fourteenth Amendment claim, including the availability of other remedies, such as the FTCA claim that Plaintiff is currently pursuing.  *See Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021)

2

(noting that the FTCA provides an avenue to pursue monetary claims for damages for negligent or wrongful acts committed by government employees).  The separation of powers is another special factor weighing against extending *Bivens* because Congress has not legislated to extend the reach of *Bivens* to encompass Plaintiff's claim.  *Watkins v. Three Admin. Remedy Coordinators*, 998 F.3d 682, 685-86 (5th Cir. 2021).  Therefore, the Fourteenth Amendment claim fails to state a claim upon which relief may be granted.

ORDER

Accordingly, Plaintiff's objections [Dkt. 10] are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge [Dkt. 9] is ADOPTED.  Defendants Sasskayo Palmer, Christopher Wray, the Federal Bureau of Investigation, and William Barr are DISMISSED from this action.

**SIGNED this 6th day of September, 2022.**

_____
Michael J. Truncale
United States District Judge