IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STOKLEY PAUL AUSTIN | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-95 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Stokley Paul Austin, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA) against the United States of America.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff contends that Federal Bureau of Investigation Special Agent Sasskayo Palmer filed a criminal complaint against Plaintiff with a sworn affidavit containing an inaccurate description of Plaintiff as a "black male." Plaintiff filed an administrative tort claim with the Bureau of Prisons seeking $10,000,000.00 in damages for the alleged misstatements in the legal documents. On January 25, 2021, the Bureau of Prisons denied Plaintiff's administrative tort claim because it related to alleged improprieties with Plaintiff's criminal prosecution and confinement, and he was under an "active and undisturbed Judgment and Commitment order." (Doc. 1 at 6.)

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis

in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019). In *Heck v. Humphrey*, the United States Supreme Court held that a claim calling into question the legality of a conviction or confinement is not cognizable in a civil action for damages unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, or otherwise called into question by the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). If the Plaintiff's conviction or sentence has not been invalidated, a claim for damages is not cognizable under civil rights laws. *Heck*, 512 U.S. at 486. *Heck* applies to bar claims for damages brought under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Ortiz-Lopez v. Fed. Bureau of Prisons*, 830 F. App'x 127, 133 (5th Cir. 2020). *Heck* also applies to claims brought pursuant to the FTCA. *Parris v. United States*, 45 F.3d 383,

384-85 (10th Cir. 1995); *see also Haynes v. United States*, No. 01-10111, 2001 WL 803858, at *1 (5th Cir. 2001) (unpublished).

Because Plaintiff seeks damages for an allegedly wrongful conviction, the court must consider whether a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction. If it would, the Complaint must be dismissed unless Plaintiff can demonstrate that his conviction has been invalidated. *Heck*, 512 U.S. at 489; *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006). Plaintiff alleges his conviction is based on an allegedly invalid criminal complaint and affidavit. Therefore, a favorable ruling in this civil action would imply that Plaintiff's criminal conviction is invalid. Plaintiff does not allege that his conviction was expunged or invalidated. As a result, this civil action for damages fails to state a claim upon which relief can be granted because it is barred by *Heck*.

## Recommendation

This action should be dismissed with prejudice to the claims being asserted until the *Heck* conditions are satisfied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 5th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE